UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

ROBERTO MORALES GUITIERREZ,

    Petitioner,

vs.

MARION E. SPEARMAN,

    Respondent.

No. C 14-0861 NJV (PR)

**ORDER FOR PETITIONER TO SHOW CAUSE**

Petitioner, a California prisoner filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner was convicted in Santa Clara County, which is in this district, so venue is proper here.  *See* 28 U.S.C. § 2241(d).  Petitioner has paid the filing fee.

## DISCUSSION

**A.     Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet heightened pleading requirements.  *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground."  Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.  "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'"

Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

## B. Analysis

Petitioner was sentenced on December 19, 1997. Court records indicate that petitioner filed a previous petition, *Gutierrez v. Galza*, 01-20126 JF, that was denied as untimely on April 11, 2002. The Ninth Circuit denied the appeal on February 26, 2003. It appears that both petitions concern the same underlying conviction, thus the instant action is a second or successive petition.

"A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed...." 28 U.S.C. § 2244(b)(2). This is the case unless,

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

However, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). It does not appear that petitioner has received authorization to file this petition, therefore he will be ordered to show cause why this case should not be dismissed without prejudice.

## CONCLUSION

Petitioner shall show cause within **twenty-eight (28) days** of the date this order is filed why this petition should not be dismissed as successive. Failure to file a response

1  within the designated time will result in the dismissal of this action.

2  **IT IS SO ORDERED.**

3  Dated: April 22, 2014.



NANDOR J. VADAS
United States Magistrate Judge