UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| ROBERTO MORALES GUITIERREZ,<br><br>    Petitioner,<br><br>  vs.<br><br>MARION E. SPEARMAN,<br><br>    Respondent.<br>_____/ | No. C 14-0861 NJV (PR)<br><br>**ORDER DENYING MOTION TO ALTER OR AMEND THE JUDGMENT**<br><br>(Doc. 11.) |

Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court entered judgment on July 17, 2014. (Doc. 10.) On August 4, 2014, Petitioner filed a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e). (Doc. 11.)

A motion to alter or amend judgment under Rule 59 must be made no later than twenty-eight days after entry of judgment. *See* Fed. R. Civ. P. 59(e) (effective Dec. 1, 2009). A motion for reconsideration under Rule 59(e) "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the law.'" *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (citation omitted) (en banc).

Evidence is not newly discovered for purposes of a Rule 59(e) motion if it was available prior to the district court's ruling. *See Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (affirming district court's denial of habeas petitioner's motion for reconsideration where petitioner's evidence of exhaustion was not "newly discovered" because petitioner was aware of such evidence almost one year prior to the district court's denial of the petition).

A district court does not commit clear error warranting reconsideration when the

question before it is a debatable one.  *See McDowell*, 197 F.3d at 1256 (district court did not abuse its discretion in denying reconsideration where question whether it could enter protective order in habeas action limiting Attorney General's use of documents from trial counsel's file was debatable).

Courts construing Rule 59(e), have noted that a motion to reconsider is not a vehicle permitting the unsuccessful party to "rehash" arguments previously presented, or to present "contentions which might have been raised prior to the challenged judgment." *Costello v. United States*, 765 F.Supp. 1003, 1009 (C.D. Cal. 1991).  These holdings "reflect[] district courts' concerns for preserving dwindling resources and promoting judicial efficiency." *Id.*

Petitioner was sentenced on December 19, 1997.  Court records indicate that Petitioner filed a previous petition regarding the same conviction, *Gutierrez v. Galza*, 01-20126 JF, that was denied as untimely on April 11, 2002.  The Ninth Circuit denied an appeal on February 26, 2003.  In the present case, Petitioner attempted to bring a successive petition.  In moving for reconsideration, Petitioner relies on 28 U.S.C. § 2244(b)(2), which provides in relevant part that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless . . . [] the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."  Petitioner, however, ignores Section (b)(3)(A) of the statute, which provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  As Petitioner has not moved for such an order from the Ninth Circuit, this case was dismissed.  Petitioner presents no new arguments in his motion to alter or amend the judgment, therefore it is denied.

*//*

**CONCLUSION**

Petitioner's motion to alter or amend the judgment (Docket No. 11) is **DENIED**.

Because reasonable jurists would not find the result here debatable, a certificate of appealability ("COA") is **DENIED**.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) (standard for COA).

**IT IS SO ORDERED.**

Dated: August 21, 2014.

NANDOR J. VADAS
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

ROBERTO MORALES GUITIERREZ

    Petitioner,

v.

MARION E. SPEARMAN,

    Respondent.

No. 1:14-CV- 0861 NJV

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on August 21, 2014, I served a true and correct copy of the attached by placing said copy in a postage paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail.

Roberto Morales Guitierrez
H-84999
CTF North State Prison
WB223-L
PO Box 705
Soledad, CA 93960

/s/ *Linn Van Meter*
Linn Van Meter
Administrative Law Clerk to the
Honorable Nandor J. Vadas

4